UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADE RADAKOVICH,<br><br>   Plaintiff,<br><br>   v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC and DOES 1-50,<br><br>   Defendants. | Case No.: CV 20-04063-CJC(GJSx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 9] |

## I. INTRODUCTION & BACKGROUND

In October 2019, Plaintiff Rade Radakovich filed this suit against Defendants Jaguar Land Rover North America, LLC ("Jaguar"), Carwell, LLC (doing business as Jaguar Land Rover South Bay, hereinafter "Jaguar South Bay"), and unnamed Does in San Luis Obispo County Superior Court.  (Dkt. 1-1 [Complaint, hereinafter "Compl."].) Plaintiff leased a vehicle manufactured by Jaguar from Jaguar South Bay in March 2019.

(*Id.* ¶ 5.) In the Complaint, Plaintiff alleges that the vehicle suffers from various defects related to the seats, air conditioning, and entertainment system and that Jaguar and Jaguar South Bay failed to make necessary repairs. (*Id.* ¶¶ 9–10.) Plaintiff asserts a single cause of action for violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). (*See id.*) He seeks actual damages of at least $20,000 and approximately $250,000 in civil penalties. (*Id.* at 5.)

On April 1, 2020, while the action was pending in San Luis Obispo County Superior Court, Plaintiff voluntarily dismissed Jaguar South Bay. (Dkt. 1-4 [Request for Dismissal].) On May 1, 2020, Jaguar removed to this Court, invoking diversity jurisdiction. (Dkt. 1 [Notice of Removal, "hereinafter NOR"].) Now before the Court is Plaintiff's motion to remand. (Dkt. 9; Dkt. 9-1 [Points and Authorities, hereinafter "Mot."].) For the following reasons, the motion is **DENIED**.[1]

## II.  LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases between completely diverse parties that involve an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). The party removing the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for July 20, 2020, at 1:30 p.m. is hereby vacated and off calendar.

action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

Plaintiff argues that Jaguar has not properly established complete diversity of citizenship, as required by 28 U.S.C. § 1332(a).[2] In the Notice of Removal, Jaguar asserts that it is a single-member limited liability company incorporated in Delaware with its principal place of business in New Jersey. (NOR ¶ 14.) Jaguar's sole member is Jaguar Land Rover Limited, a British company. (*Id.*) Plaintiff does not challenge these allegations and apparently concedes that Jaguar is a citizen of Delaware, New Jersey, and Britain.

Instead, Plaintiff argues that Jaguar has not carried its burden of establishing that he is a California citizen, as alleged in the Notice of Removal. Puzzlingly, Plaintiff does not claim to be a citizen of some state other, nor does he offer any evidence regarding his citizenship. Instead, his motion rests entirely on the argument that Jaguar cannot provide sufficient evidence of his California citizenship. Although Jaguar submitted several items of evidence in support of its opposition, (Dkt. 12 [hereinafter "Opp."]), Plaintiff declined to file a reply brief. The Court is unimpressed by Plaintiff's gambit and finds that Jaguar has carried its burden of establishing complete diversity.

"A defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for

---

[2] Although his motion makes passing reference to the amount in controversy requirements, Plaintiff does not seriously dispute that it is satisfied—indeed, the Complaint expressly seeks at least $250,000 in penalties and damages. (Compl. at 5.)

1  removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014)
2  (quoting 28 U.S.C. § 1446(a)). These allegations are accepted if made in good faith. *Id.*
3  However, if the allegations in the notice of removal are challenged "in any appropriate
4  manner, [the removing party] must support them by competent proof." *Gaus*, 980 F.2d at
5  567 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936));
6  *see also Dart Cherokee*, 574 U.S. at 89 ("Evidence establishing the amount is required by
7  § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's
8  allegation.").

10  Jaguar has carried this burden. For diversity purposes, a person is a "citizen" of
11  the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d
12  1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she
13  resides with the intention to remain or to which she intends to return." *Kanter v. Warner-
14  Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In support of its allegation that Plaintiff
15  is domiciled in California, Jaguar presents:

17  1. Plaintiff's lease agreement, which lists an address in San Luis Obispo County,
18     (Dkt. 1-6 at 1);
19  2. Jaguar South Bay repair records, which list the same address and show that
20     Plaintiff had the vehicle repaired in Torrance, California several times, (Dkt. 1-7);
21  3. A Statement of Information for Plaintiff's business, Greystone Relocation
22     Concierge LLC, from the California Secretary of State, which similarly lists his
23     address in California, (Dkt. 12-6).

25  Plaintiff argues that this evidence only addresses his residence, not his domicile or
26  "intention to remain" in California. *See Warner-Lambert Co.*, 265 F.3d at 857. The
27  Court disagrees. Taken together, this evidence suggests more than residency—it shows
28  substantive and ongoing connections to California. In any event, "numerous courts treat

a person's residence as *prima facie* evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891)).  Plaintiff has not offered any domicile-related evidence of his own, does not claim to be a citizen of some other state, and has not responded to Jaguar's opposition brief.  Accordingly, based on the undisputed evidence in the record, the Court finds that Jaguar has carried its burden of establishing complete diversity.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:     July 13, 2020

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE